(Court of Appeal, Parish of Orleans).

# LOUIS HASEMANN (FOR THE JOINT USE OF HIS CHIDREN) vs. JAS. SOLIDO, AND

# MRS. ANNIE HASEMANN, WIFE, ETC. vs. JAS. SOLIDO (Consolidated).

Involves only issues of fact.

Appeal from the Civil District Court, Division "A."

A. J. Peters, for plaintiff and appellant.

Geo. Montgomery, for defendant and appellee.

ST. PAUL, J.—Plaintiff and defendant reside a few squares apart in the upper and sparsely settled section of the city. Defendant owned a goat which strayed and found its way into plaintiff's premises.

Defendant called on Sunday evening, February 2, 1905, to get back the animal. Louis Hasemann, husband and father of plaintiffs, came out and a fight ensued, in which Hasemann (whether with or without provocation) admittedly struck the first blow, and in which, as it clearly appears, defendant was worsted.

Hasemann complained to the police, and defendant was arrested and brought to the station in the patrol wagon. Here he was detained but a short while and then paroled.

On the next day, February 3rd, the police made an affidavit, on information received, charging both Hasemann and the defendant with fighting and disturbing the peace, neither party appears to have been arrested, but on the following day, February 4th, both were arraigned

and pleaded "not guilty," and the case was fixed for trial on February 17th.

The defendant engaged counsel, to whom he gave his version of the occurrence, and by whom he was advised to make an affidavit charging Hasemann's wife and their three sons, aged respectively 16, 14 and 10 years, also with fighting and disturbing the peace.

This defendant did, to-wit: on February 7th.

No one was arrested, no one was even arraigned, but the accused were notified to appear for trial on February 17th. On that day both cases were continued to February 24th, when all parties were discharged after a trial before the recorder.

On April 24th Louis Hasemann brought suit in behalf of his three children, against defendant for false arrest and malicious prosecution. On February 3, 1909, Mrs. Hasemann brought a similar suit in her own behalf.

To these petitions defendant filed answers, setting up substantially the general issue; the real and only question thereby raised being whether plaintiffs, the wife and children actually aided and encouraged the husband and father in his assault, or gave cause to defendant to believe they had done so.

The evidence is conflicting. The fight took place in the street; father, mother and the two older boys (the younger boy was not examined) all testiify that neither mother nor children took any part in the fight, but were mere lookers on, the boys inside the fence, the mother on the gallery calling to her husband to cease fighting and come in.

Defendant testifies that they were all assaulting him with stick and stones. His brother-in-law, his brother-in-law's brother, and the latter's wife, heard the noise and saw the fight from a distance and they came up just as it ended and defendant was walking or running off. They testify that the two older boys were assisting their father

with sticks, but they did not see the younger or the mother.

The district judge, who saw all the parties and their witnesses, concluded that the boys did assist their father with sticks, and that it was not believable that they remained inside looking on quietly whilst their father was engaged in a personal encounter with one "who at least, was his full match;" and he might have added, when both had "blood running down their faces," as testified to by their mother.

We think there can be very little doubt that the two older boys took part in the affray. As to the younger boy if not an actual participant he was at least nearby, and he may have had a hand in throwing the stones with which defendant testifies he was pelted from inside the fence. This might account for his not having been seen by the other witnesses.

As to the wife, the district judge found that defendant was mistaken in attributing to her any part in the beating and stoning which he received; but he thought that in the excitement defendant honestly believed her to be one of his assailants.

He further took into consideration that defendant had made the charge on the advice of counsel, and whilst defending himself against a like charge instigated by the husband, who was the aggressor, and in the wrong throughout the whole affair.

Furthermore, he was not impressed by this particular plaintiff having waited to file her suit until a year and a day had elapsed since the fight, and a year less four days since the making of the affidavit.

We think the judge has taken the proper view. Defendant was beaten, without provocation, we think, and to him it seemed that the whole family had assaulted him. But even the beating he received did not seem to satisfy them, and they had him arrested. He engaged counsel

to defend him, told his story, was advised to make a counter charge and did so. All parties were discharged and the matter should have ended there. If anyone had cause to complain of the occurrence as a whole, and the outcome thereof, it was defendant rather than the plaintiffs.

Judgment affirmed.

December 19, 1910.

————O————

5098.

(Court of Appeal, Parish of Orleans).